## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                              No. 4:05CR00177-01 JLH

ROBERT LEON BOYD

### <u>OPINION</u>

      This case comes before the Court for resentencing following a successful appeal by Robert Leon Boyd of his first sentence.  The net result of resentencing, in the view of the undersigned judge, will be a sentence that is sufficient, but not greater than necessary, to comply with the purposes stated in 18 U.S.C. § 3553(a)(2) but which, nevertheless, may be below the minimum mandated by 18 U.S.C. § 3553(f).  I write, first, to explain how it has happened that Boyd will receive a sentence that may be below the lawful minimum and, secondly, to encourage the higher courts, when given the opportunity to do so, to address the issue of whether 18 U.S.C. § 3553(f), even after *Booker*,[1] requires a sentencing court to impose a guidelines sentence.

### I.

      After police discovered 498.54 grams of methamphetamine in a vehicle that Boyd was driving, he was indicted and entered a plea of guilty to a charge of conspiracy to possess methamphetamine with intent to distribute in violation of 21 U.S.C. § 846.  Pursuant to 21 U.S.C. § 841(b)(1)(A)(viii), the statutory minimum term of imprisonment for Boyd's offense was ten years.  However, the parties stipulated that Boyd met all of the requirements for the safety valve provided in 18 U.S.C. § 3553(f).  That subsection, which was enacted as part of the Violent Crimes Control

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

Act of 1994, provides:

> Notwithstanding any other provision of law, in the case of an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) . . . the court shall impose a sentence pursuant to the guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that --

>> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>> (3) the offense did not result in death or serious bodily injury to any person;
>> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Boyd's total offense level under the guidelines was 29.  He had no criminal history.  The guidelines sentencing range therefore was 87-108 months.

At the sentencing hearing, Boyd requested a sentence of 60 months based on the factors under 18 U.S.C. § 3553(a).  The Court[2] questioned whether 18 U.S.C. § 3553(f) permitted a sentence below the guidelines range inasmuch as that statute provides that the Court "shall impose a sentence pursuant to" the sentencing guidelines if the defendant qualifies for the safety valve.  Boyd argued:

---

[2] This case was randomly assigned to Hon. George Howard, Jr., but Judge Howard was ill when the date came for Boyd to be sentenced, and the undersigned substituted for Judge Howard. Judge Howard died while this case was on appeal.

2

But if Booker is that the guidelines are no longer mandatory, then it would be that they're no longer mandatory. And, of course, this provision in the law was enacted, and I would have to check, but I feel pretty confident during the period of time in which the guidelines were deemed to be mandatory. And Booker changed that. So I would think that this would be a provision of the law that reading it in conjunction with Booker, the guideline range is no longer a mandatory range, but simply allows the Court to sentence below the statutory minimum that would otherwise apply in this particular case.

The government disagreed and argued that 18 U.S.C. § 3553(f) established the low end of the guidelines range as a mandatory minimum for defendants that qualify under that provision. This Court held that section 3553(f) mandated a guidelines sentence for defendants who qualify under that provision, that section 3553(f) has never been held unconstitutional, and that *Booker* was distinguishable because "we're not enhancing Mr. Boyd's sentence based on any facts determined by the Court in the absence of a jury."

The Court went on to explain:

I do believe that if we consider the nature and circumstances of this defendant, that a 60-month sentence would be adequate under 18 U.S.C. [§] 3553(a). A five-year sentence is a long time, and I think it would be adequate to reflect the seriousness of the offense, to promote respect for the law, and I'm considering respect not only by Mr. Boyd, but also by other people. I think if he were subject to a sentence of 60 months for his conduct, that would promote respect for the law, not only by him, but by others, and I think that it would justly punish him for what he did. I think it would be sufficient to afford adequate deterrence. And I will say that the guidelines would be higher than that, and so is the statute. And so Congress disagrees with me, with my own view about what is sufficient to constitute adequate deterrence.

I certainly think that the five-year sentence, the 60-month sentence would be adequate to protect the public from further crimes from Mr. Boyd. I don't believe he's likely to do anything else. And his history under supervision is as good as anybody I've seen. In the two and a half years, going on three years that I've been here, he certainly has an excellent history of supervision. So I do have a factual basis to conclude that he's not going to commit further crimes.

I think a 60-month sentence would be adequate to provide him with the needed educational and/or vocational training, medical care, or other correctional treatment.

3

So if we went strictly by the factors under 18 U.S.C. [§] 3553(a), it would probably come out with a lower sentence than 87 months. But I believe that the statutory minimum under 18 U.S.C. [§] 3553(f), in fact, is the low end of the guidelines.

So Mr. Boyd will be committed to the custody of the Bureau of Prisons for a term of 87 months.

Boyd appealed, arguing that the federal sentencing guidelines are advisory in the safety valve setting, just as they are in all other sentencing settings, and that the safety valve provision does not mandate a sentence within the guidelines range. Boyd's brief noted that this was an issue of first impression in the Eighth Circuit. He cited *United States v. Cherry*, 366 F. Supp. 2d 372 (E.D. Va. 2005), and *United States v. Duran*, 383 F. Supp. 2d 1345 (D. Utah 2005), as well as *United States v. Cardenas-Juarez*, 469 F.3d 1331 (9th Cir. 2006).

The government in its brief conceded error and adopted Boyd's position. The government's brief cited only *Duran*.

The Eighth Circuit issued a judgment that stated, "Upon consideration of the record and the government's concession of error, the sentence is hereby vacated and the case is remanded to the district court for resentencing." The Eighth Circuit wrote no opinion.

## II.

In *Booker*, the Supreme Court held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244, 125 S. Ct. at 756. Sentencing Boyd did not and does not involve finding any fact not admitted by Boyd. The safety valve provided in 18 U.S.C. § 3553(f) authorizes a sentence below the otherwise applicable statutory minimum upon the finding of five specified

4

facts, all of which Boyd obviously was happy to admit.  In some cases under section 3553(f) the government may deny one or more of the facts necessary for eligibility under that provision, but in every case in which section 3553(f) is invoked, the defendant will admit all of the facts necessary to establish his eligibility for the safety valve.  That a judge makes the findings necessary to reduce a defendant's sentence below the otherwise applicable statutory minimum cannot run afoul of the holding in *Booker*.  *See United States v. Holguin*, 436 F.3d 111, 117-18 (2d Cir. 2006).

After a judge makes the findings necessary to invoke the safety valve provision of section 3553(f), the statute mandates the court to impose a sentence "pursuant to" the guidelines.  In some instances, imposing a sentence pursuant to the guidelines might present an issue of fact the resolution of which could result in a higher guidelines range, but no such finding of fact is involved here, nor would any such finding of fact be necessary in more than a fraction of cases in which section 3553(f) is applicable.  As noted above, that statute would be applicable only if (1) the defendant has no more than one criminal history point; (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and (5) the defendant has truthfully provided the government with all information and evidence that he has concerning the offense.  These findings, which are necessary to invoke the safety valve provision and thereby reduce a defendant's sentence below the otherwise applicable statutory minimum, would cover the majority of the situations in which, under the guidelines, a judge could find facts that would increase the guidelines range for a defendant whose crime of conviction included a statutory minimum but who qualified for the safety valve.  In short, if a defendant

5

qualifies for the safety valve – if he qualifies for a sentence below the otherwise applicable statutory maximum – it would be a rare event in which a judge imposing a sentence pursuant to the guidelines would be called upon to make a finding of fact that would increase the sentencing range.

In the remedial portion of the *Booker* opinion, the Court looked to legislative intent to determine what Congress would have intended in light of the Court's constitutional holding. *Id*. at 246, 125 S. Ct. at 757. The Court considered the sentencing statutes as a whole, determined that the constitutional jury trial requirement was not compatible with the statutes as written, and held that "some severance and excision are necessary." *Id*. at 248, 125 S. Ct. at 758. The Court rejected the proposal that the constitutional defect should be remedied by imposing the jury trial requirement on the sentencing guidelines system. *Id*. at 258, 125 S. Ct. at 764.

Then the Court turned to the question of which portions of the sentencing statute must be severed and excised as inconsistent with the Court's constitutional requirement. The Court stated, "Most of the statute is perfectly valid." *Id*. To determine which sections of the sentencing statute should be severed and excised, the Court said, "we must retain those portions of the Act that are (1) constitutionally valid, (2) capacity of 'functioning independently,' and (3) consistent with Congress' basic objectives in enacting the statute." *Id*. at 258-59, 125 S. Ct. at 764 (internal citations omitted). Then the Court held:

> Application of these criteria indicates that we must sever and excise two specific statutory provisions: the provision that requires sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure), see 18 U.S.C.A. § 3553(b)(1) (Supp. 2004), and the provision that sets forth standards of review on appeal, including *de novo* review of departures from the applicable Guidelines range, see § 3742(e) . . . . With these two sections excised . . . the remainder of the Act satisfies the Court's constitutional requirements.

*Id*. at 259, 125 S. Ct. at 764.

It appears that the Court surveyed the entire sentencing statute with a view toward determining which sections must be severed and excised in order to render the act constitutional. The Court severed and excised section 3553(b)(1) and section 3742(e) but not section 3553(f). Indeed, the Court explicitly affirmed the constitutionality of "the remainder of the Act" with sections 3553(b)(1) and 3742(e) excised. We do not know whether the Court consciously considered section 3553(f), which is part of the sentencing statute but was not part of the Sentencing Reform Act of 1984.

The Court also stated that, with section 3553(b)(1) and section 3742(e) excised, the sentencing statute "makes the Guidelines effectively advisory." *Id*. at 245, 125 S. Ct. at 757. Did the Court mean that guidelines are "effectively advisory" not only in the typical case but also in a case in which the safety valve is invoked pursuant to 18 U.S.C. § 3553(f)? The opinion does not say. Nor was that specific question presented in *Booker*.

The only published opinions that analyze the issue are *Duran* and *Cherry*.[3] Both conclude that a district court should consider the guidelines to be advisory when imposing sentence pursuant to section 3553(f). Neither opinion is clear as to what portion of *Booker* renders the guidelines advisory for sentences imposed pursuant to section 3553(f).

A portion of the *Duran* opinion appears to say that the remedial portion of the *Booker* opinion effectively rendered the guidelines advisory even in the safety valve context:

> *Booker* held the Guidelines violated the defendant's Sixth Amendment right to a jury trial by requiring a judge to find facts that resulted in a legally-required lengthier

---

[3] In *United States v. Castillo*, 460 F.3d 337, 354 (2d Cir. 2006), the Second Circuit *sua sponte* held "that § 3553(f) does not require the imposition of a Guidelines sentence if the district court finds the defendant eligible for safety valve relief." The court stated that it was following the logic of *Booker* but otherwise did not explain that holding.

7

> sentence for the defendant. *Booker* then turned to the issue of the remedy for this constitutional defect. In the remedial portion of its opinion, the Court held that by severing the two provisions in the Act that make the Guidelines mandatory, the rest of the sentencing scheme could be preserved. The Court explained that severing these provisions "makes the Guidelines effectively advisory," thereby eliminating the constitutional problem stemming from the legally binding nature of the judicially-determined facts. The upshot of these holdings . . . is that district courts should give "considerable weight" to the Guidelines "in determining what sentence to impose," but are not required to follow the Guidelines.

*Duran*, 383 F. Supp. 2d at 1347 (footnotes and internal citations omitted). But neither the explicit language of the remedial opinion nor the reasoning of the remedial opinion applies to section 3553(f). In trying to fashion a remedy, the Supreme Court looked to what it believed Congress would have intended had it known that the Court would hold that any fact necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. As noted above, the Court stated that it must retain the portions of the Act that are constitutionally valid, capable of functioning independently, and consistent with Congress's basic objectives in enacting the statute. *Booker*, 543 U.S. at 258-59, 125 S. Ct. at 764. The only one of these three elements discussed in *Duran* is the first one. *Duran* states:

> The advisory Guidelines are not transformed into mandatory Guidelines under the safety valve provision. To the contrary, that provision itself directs the court to impose a sentence "pursuant to" the Guidelines. So long as the court consults the Guidelines in determining an appropriate sentence, any resulting sentence is "pursuant to" the Guidelines. Such a sentence would be "in compliance with" or "authorized by" the Guidelines, as *Black's Law Dictionary* defines "pursuant to."

> Any other reading of the safety valve provision would render it unconstitutional under the Sixth Amendment as interpreted in *Booker* . . . . Rather than read the safety valve provision as containing a defect, it is far better to read the provision as simply incorporating advisory Guidelines.

*Duran*, 383 F. Supp. 2d at 1347 (footnotes omitted). *Duran* then says:

> If *Booker* means anything, it is that Congress is not free to say, in effect, that anyone subject to a ten-year mandatory minimum who meets the criteria must then face unconstitutional judicial fact-finding in the determination of the final sentence. In order words, the safety valve provision does not work some kind of Sixth Amendment alchemy and transform unconstitutionally binding guidelines into constitutionally binding guidelines.

*Id*. at 1348. One difficulty is that whatever section 3553(f) meant before *Booker*, it still means after *Booker*. A court has no authority to change the meaning of a statute. A court may, upon finding a statute unconstitutional, excise a portion of the statute so as to retain in effect as much of the statute as is consistent with the Constitution; which is what the remedial portion of the *Booker* opinion did. When more than one reasonable construction of a statute is available, a court may choose a construction that avoids a constitutional issue. But when the meaning of a statute is known, a court has no authority to change that meaning to avoid a constitutional issue. *Dodd v. United States*, 545 U.S. 353, 359, 125 S. Ct. 2478, 2483, 162 L. Ed. 2d 343 (2005). The meaning of section 3553(f) has been known from its inception; it always meant that a defendant who qualifies for the safety valve must receive a sentence within the guidelines range, unless there is reason for a departure for which provision is made in the guidelines. *See United States v. Pratt*, 87 F.3d 811, 813 (6th Cir. 1996); *United States v. Collins*, 66 F.3d 984, 987-88 (8th Cir. 1995). *See also United States v. Rojas-Coria*, 401 F.3d 871, 872 (8th Cir. 2005) ("[t]he 'safety valve' provision of 18 U.S.C. § 3553(f) (2000) . . . would, if applicable, mandate a sentence under the United States Sentencing Guidelines without respect to the statutory mandatory minimum."). *See also United States v. Alvarado-Rivera*, 386 F.3d 861, 863 (8th Cir. 2004) (same). *Booker* did not purport to change that meaning and could not have done so in any event.

Another difficulty is that *Booker* does not hold that all judicial fact-finding in the sentencing

9

process is unconstitutional.  So what is the "unconstitutional judicial fact-finding" that Boyd would face in this case were section 3553(f) taken to mean that the Court is required to impose a sentence within the guidelines range after finding that Boyd qualifies for the safety valve?  Or what "unconstitutional judicial fact-finding" would be involved in the typical case involving a defendant who qualifies for the safety valve?  *Duran* does not answer this question, nor does any other published opinion.

*Duran* takes the statement in *Booker* that severing section 3553(b)(1) and section 3742(e) makes the guidelines "effectively advisory" as changing the nature of the guidelines, themselves, from mandatory to advisory.  That the Supreme Court has rendered the nature of the guidelines advisory then becomes a premise from which the opinion reasons.  But *Booker* did not change the nature of the guidelines.  The nature of the guidelines is such that they can be used either to determine a mandated sentencing range or to ascertain an advisory sentencing range.  Section 3553(b)(1) required a sentencing court to use the guidelines to determine a mandated sentencing range.  *Booker* excised that section but left section 3553(a)(4), which requires a sentencing court to "consider" the guidelines.  Thus, the use of the guidelines in the typical case was changed by excising the subsection that required a sentencing court to impose a guidelines sentence and leaving the subsection that required a sentencing court to "consider" the guidelines.  *Booker* did not excise section 3553(f) or any portion of it; nor does the reasoning of *Booker* inevitably lead to the conclusion that section 3553(f) is unconstitutional on its face because it requires that the court impose a sentence within the guidelines range for a defendant who qualifies for the safety valve.  Indeed, every circuit to consider the issue has held that the guidelines are mandatory with respect to determining under section 3553(f)(i) whether a defendant has more than one criminal history point.

*United States v. Hernandez-Castro*, 473 F.3d 1004, 1005 (9th Cir. 2007).

*Cherry* held that mandatory application of the guidelines under section 3553(f) "is unconstitutional under the first part of the *Booker* opinion" and says that "[t]he mandatory application of the guidelines pursuant to the safety valve provision creates the same constitutional problems that the Supreme Court addressed in *Booker*" but does not explain why this is so. 366 F. Supp. 2d at 376. *Cherry* quotes the holding in the first part of the *Booker* opinion but never explains how that holding applies to a case under section 3553(f) in which no judicial fact-finding to enhance a sentence is present. Instead, *Cherry* cites a passage of the remedial portion of the *Booker* opinion where the Supreme Court rejected the government's suggestion that the guidelines should be advisory when the sentencing court is required to find a fact that could enhance a sentence but that otherwise the guidelines should be mandatory.

The Supreme Court gave two reasons for rejecting this proposed remedy. First, the court noted that this remedy "would impose mandatory Guidelines-type limits upon a judge's ability to *reduce* sentences, but it would not impose those limits upon a judge's ability to *increase* sentences. We do not believe that such 'one-way lever[s]' are compatible with Congress' intent." *Booker*, 543 U.S. at 266, 125 S. Ct. at 768 (emphasis in the original). If section 3553(f) mandates a sentence within the guidelines range – as no one doubted that it did before *Booker* – that would not create a "one-way lever." The second reason that the Supreme Court gave for rejecting the proposed remedy of making the guidelines advisory when a sentencing fact must be found but mandatory otherwise was, "we believe that Congress would not have authorized a mandatory system in some cases and a non-mandatory system in others, given the administrative complexities that such a system would create. Such a two-system proposal seems unlikely to further Congress' basic objective of promoting

uniformity in sentencing." *Id.* at 266-67, 125 S. Ct. at 768. That sentence comes closer than any other passage in *Booker* to stating a reason for holding that the guidelines are advisory when a defendant qualifies for the safety valve under section 3553(f), but even that sentence does not necessitate such a holding. For one thing, the court made no mention of section 3553(f), as surely it would have done if it had had that section in mind. For another, to apply that passage to § 3553(f) would require the court to address another question regarding Congress' intent: Would Congress have enacted the safety valve provision with advisory guidelines? In other words, would Congress have adopted a system whereby a defendant facing a statutory minimum but for the fact that he qualifies for the safety valve could be sentenced to a term of imprisonment not only below the statute minimum but also below the guidelines range? This Court cannot confidently answer that question with a yes. The Supreme Court did not address that question in *Booker*, nor was it addressed in *Duran* or *Cherry*.

*Cardenas-Juarez* says, "we now hold that the safety valve statute, 18 U.S.C. § 3553(f) survives *Booker* to *require* district courts to impose sentences pursuant to the *advisory* Sentencing Guidelines." *Cardenas-Juarez*, 469 F.3d at 1334 (emphasis in the original). The conclusion that the guidelines are advisory for sentences imposed under section 3553(f) is reached in reliance on *Duran* and *Cherry*, so *Cardenas-Juarez* adds nothing to the reasoning of those cases; it does not address the questions raised above. *Cf. United States v. Quirante*, 486 F.3d 1273 (11th Cir. 2007) (holding that section 3553(f), when applicable, is mandatory but that the guidelines are advisory under section 3553(f)).

All of this is to say that the issues created by the intersection of *Booker* and 18 U.S.C. § 3553(f) have not been satisfactorily resolved. Perhaps no satisfactory resolution is to be found.

The holding of the first part of *Booker* does not seem to apply here because no judicial fact-finding to increase a sentence is involved; but the remedy portion of the *Booker* opinion, by excising section 3553(b)(1), rendered the guidelines advisory in many cases in which no judicial fact-finding is involved; and, as *Duran* and *Cherry* in effect say, it is hard to see why the guidelines should be advisory in those cases but not to this one.  Yet, it is also hard to see how treating the guidelines as advisory under section 3553(f) is a remedy for the constitutional violation found in *Booker*, and it is harder to see how I could have the authority in this case to impose a remedy for the constitutional violation in *Booker*.

## CONCLUSION

For the reasons stated on the record at the sentencing hearing, the undersigned judge believes that a sentence of 60 months is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).  Because the Eighth Circuit vacated this Court's earlier ruling that it had no authority, under 18 U.S.C. § 3553(f), to impose a sentence below the guidelines range of 87-108 months and apparently vacated that decision in reliance on *Duran* or *Cherry* or both, this Court will consider the guidelines as advisory under 18 U.S.C. § 3553(f) and will therefore sentence Boyd to a term of imprisonment of 60 months.  An amended judgment will be entered, and a copy of this Opinion will be attached as the statement of reasons.

I believe that this is a fair and reasonable sentence for Robert Leon Boyd; and I believe imposing this sentence accords with the mandate of the Eighth Circuit.  But is it lawful?  Does the law give a district court, when imposing sentence under 18 U.S.C. § 3553(f), the authority to impose a non-guidelines sentence even though the statute says that the sentence must be pursuant to the guidelines?  If so, where is that authority found?  That authority, if it exists, must be found either in

the statutes or the Constitution or some combination thereof.  By what reasoning can we conclude that a statute or the Constitution or a combination thereof grants that authority?

While the duty of this Court to follow the mandate of the Eighth Circuit in this case is clear,[4] significant issues regarding the relationship between *Booker* and 18 U.S.C. § 3553(f) remain to be considered and resolved by the higher courts.

IT IS SO ORDERED this 31st day of July, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[4] "Under the law of the case doctrine, a district court must follow our mandate . . . ." *Jaramillo v. Burkhart*, 59 F.3d 78, 80 (8th Cir. 1995).

14